

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 10, 1967

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas

Dear Mr. Wade:

Opinion No. M- 40

Re: Whether the County Auditor
must approve for payment
the compensation amount se
forth in the Commissioners
Court Order No. 43912, whi
increased certain county o
ficials' salaries; Article
3883l, Section 18, V.C.S.,
and alternative question.

In a recent letter to this office, you requested an
opinion in regard to the above referenced matter. We quote
from your letter as follows:

"We are in receipt of two questions from
George K. Smith, Dallas County Auditor, which
arise out of the following fact situation. On
February 2, 1967, the Commissioners Court of
Dallas County, Texas, unanimously passed Court
Order No. 43912 wherein the compensation of
certain elected officials' wages was increased
as authorized by Article 3883l, Section 18,
V.A.C.S., effective February 1, 1967. The
Court Order, a copy of which is enclosed here-
in, authorizes and directs the County Auditor
to prepare the necessary transfers from unal-
located reserve to the appropriate budgets and
to approve for payment to the officers named
therein. One of the officers named in said
Order has requested the County Auditor to dis-
regard the compensation amount set forth in
such Order, thereby continuing his compensa-
tion amount as prior to the passage of Court
Order No. 43912. In regard to this fact situa-
tion, we respectfully request your opinion to
the following questions:

"'1. Must the County Auditor approve for
payment the compensation amount set forth in

- 190 -

the Commissioners Court Order No. 43912?

"'In the event question No. 1 is answered in the negative, we request your opinion answer to question No. 2.

"'2. What compensation amount will the County Auditor be required to approve for payment to the officer making the above noted request?'

" . . .

"It is our opinion that the plain meaning of the cited statutes authorizes the Commissioners Court to increase the compensation of County officers in the amounts stated in the Commissioners Court Order, authorizing and directing the County Auditor to approve for payment the amounts stated; therefore, the County Auditor must approve the compensation amounts set forth in the Court Order.

" . . ."

Order No. 43912 of the Dallas County Commissioners Court, a copy of which is attached to this opinion request, states that the annual compensation of the named county officers shall be increased to the following amounts:

| | |
|---|---|
| Commissioners | $16,500 |
| County Judge | 21,630 |
| County Clerk | 18,000 |
| Tax Assessor-Collector | 20,000 |
| County Treasurer | 16,500 |
| Constables | 13,750 |
| Sheriff | 19,000 |
| Judges, Probate Courts | 18,800 |
| Judges, County Criminal Courts | 18,025 |
| Judges, County Courts-at-Law | 18,025 |
| Justices of the Peace | 13,750 |
| District Attorney | 20,497 |
| District Clerk | 18,000 |

Dallas County Commissioners Court Order No. 43912 further provides as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Commissioners Court of Dallas County, Texas, that the above stated increases

are and hereby approved, effective February 1, 1967, and the County Auditor is hereby authorized and directed to prepare the necessary transfers from unallocated reserve to the appropriate budgets and to approve for payment to the officers named."

Subsection (a) of Section 8 of Article 3883i, Vernon's Civil Statutes, provides:

"(a) In all counties of this State having a population of not less than nine hundred thousand (900,000) inhabitants and not more than one million, two hundred thousand (1,200,000) inhabitants, according to the last preceding Federal Census, the Commissioners Court shall fix the salaries of county officials as follows:

"The salary of the county judge shall be Eighteen Thousand Dollars ($18,000) per annum; the county commissioners, Fourteen Thousand, Six Hundred Dollars ($14,600); criminal district attorney and district attorney, not less than Sixteen Thousand Dollars ($16,000) nor more than Nineteen Thousand, Nine Hundred Dollars ($19,900); probate judge, not less than Fourteen Thousand Dollars ($14,000) nor more than Eighteen Thousand Dollars ($18,000); sheriff, not less than Fourteen Thousand, Six Hundred Dollars ($14,600) nor more than Eighteen Thousand, Two Hundred Dollars ($18,200); tax assessor and collector, not less than Fourteen Thousand, Six Hundred Dollars ($14,600) nor more than Sixteen Thousand, Two Hundred Dollars ($16,200); judges of the county courts at law and county criminal courts, not less than Fourteen Thousand, Four Hundred Dollars ($14,400) nor more than Seventeen Thousand, Five Hundred Dollars ($17,500); county clerk and district clerk, not less than Fourteen Thousand, Four Hundred Dollars ($14,400) nor more than Fifteen Thousand, Four Hundred Dollars ($15,400); county treasurer, not less than Thirteen Thousand, Two Hundred Dollars ($13,200). Salaries fixed by this Section shall be payable in equal monthly installments; provided, however, that the total salary received by the tax assessor and collector, including all additional fees and compensation, shall not exceed Nineteen Thousand, Five Hundred Dollars ($19,500) per annum

in the aggregate; justices of the peace and the
constables shall receive not to exceed Twelve
Thousand Dollars ($12,000) per annum to be paid
in equal monthly installments; provided that the
justices of the peace and constables whose pre-
cincts lie wholly or in part in cit'es having a
population of six hundred thousand (600,000) or
more, according to the last preceding Federal
Census, shall receive not less than Ten Thousand
Dollars ($10,000) per annum.  The Commissioners
Court of every county, having a population of not
less than nine hundred thousand (900,000) nor more
than one million, two hundred thousand (1,200,000),
according to the last preceding Federal Census,
shall pay the district clerk and the county clerk
the same amount for automobile allowance as it
pays to the other officers receiving the allowance.
The county judge in such counties, shall be allowed,
in addition to all other compensation fixed herein,
the sum of Three Thousand Dollars ($3,000) per
annum for serving as a member of the County Juvenile
Board which shall be paid in twelve (12) equal monthly
installments out of the general fund of such county
and which additional compensation shall be in addition
to all other salary or other compensation now paid to
such county judge."

Section 18 of Article 38831, Vernon's Civil Statutes,
provides:

"The commissioners court in each county
in the State is hereby authorized to increase
the maximum compensation of each officer enumerated
in * House Bill No. 374, as amended, in an additional
amount not to exceed twenty per cent (20%) of the
maximum sum authorized by House Bill No. 374, as
amended; provided that the compensation of no of-
ficial governed by the provisions of House Bill
No. 374, as amended, shall be set at a figure
lower than that actually paid on the effective
date of this Act; and provided, further, that no
increased compensation shall be authorized pur-
suant to this Act until and unless a public hear-
ing shall be had by the Commissioners Court, at
a regular meeting of such Court, upon the question
of any proposed increase, following publication
of notice of such public hearing at least two
(2) times, one time a week, in a newspaper of

general circulation in such county, prior to such public hearing . . ." (* The portion applicable to this opinion is Codified as Article 3883i, Sec. 8(a) V.C.S.).

Article 1651, Vernon's Civil Statutes, provides, in part:

"The Auditor shall have a general oversight of all the books and records of all the officers of the county, district or state, who may be authorized or required by law to receive or collect any money, funds, fees, or other property for the use of, or belonging to, the county; and he shall see to the strict enforcement of the law governing county finances." (Emphasis added).

Article 1660, Vernon's Civil Statutes, provides as follows:

"All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bill, or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oaths for the purposes of this law."

Article 1661, Vernon's Civil Statutes, provides as follows:

"He /¯county auditor ¯7 shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, unless, in addition to other requirements of law, there is attached thereto a requisition signed by the officer ordering same and approved by the county judge. Said requisition must be made out and signed and approved in triplicate by said officers, the triplicate to remain with the officer desiring the purchase, the duplicate to be filed

with the county auditor, and the original to be delivered to the party from whom said purchase is to be made before any purchase shall be made. All warrants on the county treasurer, except warrants for jury service, must be countersigned by the county auditor." (Emphasis added).

A reading of the applicable statutes makes it clear that the salary amounts of county officials as set by Order No. 43912 of the Dallas County Commissioners Court are within the legal limits established by such statutes. No opinion is expressed here as to the validity of Order No. 43912 of the Dallas County Commissioners Court except as set forth in the preceding sentence.

Article 1651 provides that the county auditor ". . . shall see to the strict enforcement of the law governing county finances." Article 1660 provides that the county auditor must examine and approve all claims, bills and accounts before the same may be paid, and Article 1661 provides that the county auditor must countersign all warrants on the county treasurer except those issued for jury service.

The laws of this State have given the commissioners courts of the various counties discretionary power to fix the salaries of certain county officials within specified limits. In this regard the function of the county auditor in approving the payment of such salaries and in signing salary warrants is ministerial only.

The County Auditor of Dallas County must approve those salary payments which cover the increased salaries, from and after the date of the adoption of the Commissioners Court's order.

### S U M M A R Y

The Dallas County Auditor must approve those salary payments which cover the increased salaries from and after the date of the adoption of the Commissioners Court's order.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lewis E. Berry, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Pat Bailey
Hal Sharpley
Sam Kelley

STAFF LEGAL ASSISTANT:
A. J. Carubbi, Jr.